# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES SMALLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:16-CV-69 CDP |
| DEAN MINOR, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and state law. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $2.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement" of the facts showing plaintiff is entitled to relief.

### Discussion

The complaint is seventy-three pages of long, rambling discourse. Most of the complaint is devoted to the denial of his grievances. It is neither short nor plain. There is a large amount of irrelevant discussion about what happened to other prisoners. It does not comply with Rule 8(a). Consequently, the Court will order plaintiff to submit an amended complaint.

Additionally, plaintiff's handwriting is barely legible. This makes the complaint difficult to review. His amended complaint must be legible. It must either be typewritten or printed in a legible manner.

The Court notes that many of plaintiff's allegations are legally frivolous because "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007).

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **The factual allegations must be short and plain. Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal. Finally, each defendant must be named on the caption of the complaint or in a supplement.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $2.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the Court's instructions, no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without further proceedings.

Dated this 18th day of November, 2016.

                                             */s/ Catherine D. Perry*
                                             CATHERINE D. PERRY
                                             UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).